UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DIMERCURIO, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:11-CV-1175 (CEJ) |
| DEIDRE MALCOM, | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.  Defendant opposes remand and the issues are fully briefed.

Plaintiff filed this negligence action on May 16, 2010 in the Circuit Court for the City of St. Louis, to recover damages for injuries she sustained as the result of an automobile accident.  On July 5, 2011, defendant removed the case to this Court, asserting jurisdiction based on diversity of citizenship.  See 28 U.S.C. §§ 1332, 1441(a).  Plaintiff now moves for remand of this action, arguing that diversity does not exist because both plaintiff and defendant are Missouri citizens.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated.  § 1447(c).  Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

The parties do not dispute that the amount in controversy requirement for diversity of citizenship jurisdiction has been satisfied in this case.  See 28 U.S.C. § 1332(a)(1).  Their dispute is whether the defendant is a citizen of Missouri or a citizen of Kansas.  In the notice of removal, defendant states that she is a Kansas citizen.  She has also submitted an affidavit containing the same statement.  In her original answer, the defendant admitted plaintiff's allegation that she was a "resident of St. Louis County, Missouri."  It appears, however, that this admission was made in error as the state court records reveal that plaintiff requested that summons be served on defendant in Kansas at the address defendant states is her home, and the return of service shows that service was effected on defendant in Kansas on June 6, 2011.

Based on the statements in defendant's affidavit and the state court records, the Court finds that defendant was at all relevant times a citizen of Kansas.  Therefore, there is diversity of citizenship between the parties.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand this action [Doc. #7] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2011.